Coxe v. Lundy.

No one can be legally compelled to pay them; and if this court, on a *certiorari* in each case, would be compellable to say so, it is far better that the proceedings should be vacated *in toto* at once, to prevent much unnecessary expense and trouble. We are, therefore, unanimously of opinion that the election is illegal and void, and must be quashed.

NOTE.—The following endorsement appears on the opinion of the Chief Justice and in his handwriting: "Jan. 7, 1795, on error before governor and council, this judgment was reversed, 8 to 3. I have heard the ground of this reversal was that the Supreme Court had no jurisdiction." *Sed quere.*

CITED *in State* v. *Woodward*, 4 *Hal.* 29; *Mor. Canal* ads. *State*, 2 *Gr.* 427; *N. J. R. R. & Tr. Co.* v. *Suydam*, 2 *Harr.* 40; *State* v. *Clerk of Passaic*, 1 *Dutch.* 355; *City of Camden* v. *Mulford*, 2 *Dutch.* 55; *Eames* v. *Stiles*, 2 *Vr.* 493; *Allen* v. *Tyler*, 3 *Vr.* 502; *State* v. *Jersey City*, 5 *Vr.* 400.

## COXE v. LUNDY.

1. Where the parties submit all controversies "of and concerning the right, title and possession of a piece of ground," and the arbitrators award that the land "is the property of A," (one of the parties,) and order B (the other party) to deliver possession, such award is certain and final.

2. Arbitrators are not bound to employ technical words in their report, and their language is to be interpreted according to their obvious meaning

This was a rule to show cause why a verdict, which had been obtained at the Hunterdon Nisi Prius, should not be set aside and a judgment of nonsuit entered.

The parties had submitted "all controversies, but more particularly of and concerning the right, title and possession of a piece of land of about eighty-three acres, at the great meadows, in Sussex, so as the award be made in writing, and ready to be delivered on the 20th of April, 1787."

The arbitrators, under this submission, awarded "that the lot of land (in question) is part of 6,230, and is, therefore, the

property of Charles Coxe," the plaintiff, and they order Lundy
to deliver the possession to Coxe.

*Ab. Ogden* and *Woodruff* contended that this award was
void—1st. Because it was not final—the arbitrators not hav-
ing decided the title which was submitted to them.   2d. Be-
cause it was uncertain—awarding the land to be " the pro-
per-[256]-ty of Charles Coxe," did not declare what right he
had, and the expression is not descriptive of any legal title.
3d. They award it to be his, because part of 6,230, not saying
what, or where situated, so as to bring it within the submis-
sion.   They cited *Kyd on Awards* 117, (*old ed.*) 170, 176,
(*Phil. ed.*); 8 *Co.* 89, *Baspole's case.*

*R. Stockton* and *Leake, contra.*   The award is sufficiently
certain, and within the express words of the submission.
They awarded the land to be the *property* of Coxe, and order
Lundy to deliver him the possession.   The word property
must be taken in its most extensive signification, according to
its ordinary acceptation, and carries with it the entire estate.
At any rate the possession is submitted, and that is ordered to
be delivered to Coxe.   Awards are not now examined with
the same strictness as formerly—they are liberally construed ;
and, therefore, this mode of terminating differences has be-
come eminently beneficial and convenient.   *Kyd* 154, *&c.,*
(*old ed.*) 228, *&c.,* (*Phil. ed.*)

PER CURIAM.   The counsel on the part of the defendant
appear to consider it as necessary for the arbitrators to make
use of technical language in order to express their meaning.
This was formerly required by the courts ; but in modern
times a greater latitude and more liberality has been found
beneficial to all parties, and common words are sufficient ;
their meaning is to be expounded according to the intentions
of the arbitrators, appearing on the award.

The submission is general—of right, title and possession ;
the award, that it is the property of Coxe.   Now, admitting
that the word property is not particularly and specifically ap-

propriated to any one kind of estate, still it is so far clear that it shows some title; to the possession especially, for the delivery of that immediately follows, and should have been performed. It may, for aught that appears, be the whole dispute between the parties. What estate belongs to Coxe under this award, is not the question before us. It appears that he had some right to the land, which the arbitrators thought ought to be delivered to him.

Rule discharged.

CITED *in Imlay* v. *Wikoff*, 1 *South.* 139; *Hazen* v. *Addis*, 2 *Gr.* 337.